**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANE DOE I AND JOHN DOE,** | ) | |
| **Individually and as Next Friends** | ) | |
| **of JANE DOE II, a Minor,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | **1:23-CV-00799-JPB** |
| | ) | |
| **FULTON COUNTY SCHOOLS,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO DEFENDANT PETER EPSTEIN'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

The Motion to Dismiss ("Motion") filed by Defendant Peter Epstein ("Epstein") is merely a cut-and-paste job that lacks merit and should be denied. The Motion accuses Plaintiffs of having "tossed Mr. Epstein into a giant pot of conflated claims," but Epstein himself has decided to "heav[e] the entire contents of a pot against the wall in hopes that something would stick." *Bahamas Sales Assoc., LLC v. Byers*, 2017 WL 3782804, at *18 (M.D. Fla. 2017). Epstein's arguments fall flat upon an *actual* – and not indiscriminate – review of the Complaint, which belies Epstein's "lumping" argument and more than sufficiently places Epstein on notice

as to which allegations pertain to him and which conduct was unlawful for purposes of the low pleading threshold of Rule 8(a).

Moreover, the Motion must fail because Epstein is not entitled to the protection of official immunity.  A prerequisite to the protection of the doctrine of official immunity is that the employer is a public entity.  Because Epstein's employer Defendant Founding Fourteen Inc. is not a public entity but a private organization, Epstein is not a public employee and is thus not afforded the protection of official immunity.

## ARGUMENT AND CITATION OF AUTHORITY

### A.  Legal Standard: Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the "accepted pleading standard" is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 563.  Thus, to withstand a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.  *See also Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295–96 (11th Cir.2007) ("The Court has instructed us that the rule does not impose a probability requirement at the pleading stage, but instead simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal citation and punctuation omitted).

In applying this Rule 8 notice pleading standard at the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common senses."  *Iqbal*, 556 U.S. at 663-64.

## B. The Complaint More Than Sufficiently Places Epstein on Notice as to Which Allegations Pertain to Him and Which Conduct was Unlawful

Epstein argues in his Motion that Plaintiffs' Complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) because "it is impossible for Mr. Epstein to determine which allegations support which claims Plaintiffs are

pursuing against him" where "Plaintiffs lump Mr. Epstein together with some or all of the other Defendants without identifying what conduct of Mr. Epstein *in particular* allegedly harmed each of the three Plaintiffs."  Doc. 11 at 8 (emphasis in original).  Epstein contends that Plaintiffs' alleged "lumping" is sufficient grounds for dismissal of the entire Complaint.  Doc. 11 at 7, 10.

But Epstein is legally and factually wrong.  Grouping allegations for similarly situated defendants is commonplace and an acceptable approach to efficient pleading so long as the complaint meets the requirements of Rule 8.  For example, in *Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Company*, the Eleventh Circuit held that lumping allegations as to more than one defendant was permissible.  917 F.3d 1249 (11th Cir. 2019).  In *Quality Auto*, the district court had dismissed plaintiffs' tortious interference claim based on the very argument that Epstein raises here, i.e., that the plaintiffs only raised general allegations against "some unidentified Defendants – or all Defendants."  *Id.* at 1274.  The Eleventh Circuit disagreed, however, reasoning that each defendant had "fair notice" of its purported wrongdoing when the complaint expressly stipulated that the allegations were intended to include "each and every" named defendant.  *Id.* at 1275.  Because of this "fair notice" (which is the point of Rule 8 pleading in the first place), the

Eleventh Circuit held that the plaintiffs' tortious interference claim so pled did not run afoul of the Federal Rules.  *Id.* at 1276.

The Northern District of Georgia has similarly held that a purported lumping of defendants does not make a complaint deficient.  *Consumer Fin. Prot. Bureau v. Universal Debt & Payment Sols., LLC*, No. 1:15-CV-00859-RWS, 2015 WL 11439178, at *19 (N.D. Ga. Sept. 1, 2015).  In *Consumer Financial Protection Bureau*, the court found that the complaint did lump defendants "together for the purposes of Counts VIII and IX," but the court then held that doing so certainly did not warrant dismissal because the complaint "contain[ed] particular allegations as to each Defendant, as extensively summarized in the Background section."  *Id.*  The point, of course, was that "Defendants [we]re on notice as to which allegations pertain to them and what conduct was allegedly unlawful."  *Id.*  Again, the question is merely, does the complaint provide sufficient notice of the claims against the defendant?

Here, the answer to that question is clearly yes.  Epstein is on notice as to which allegations pertain to him and what conduct was allegedly unlawful.  Indeed, out of twelve separate Counts set forth in the Complaint, Plaintiffs assert only *two* Counts for negligent supervision, retention, undertaking against Epstein.  Doc. 1 ¶¶

153-178.  Moreover, the complaint contains particular factual allegations concerning Epstein:

- "Defendant Peter Epstein ('Epstein') was assistant principal at FAST for the middle school."  Doc. 1 ¶ 33.

- "Vandel treated one female student who was overweight very badly . . . The teacher thought it was overly familiar and inappropriate, but Asst. Principal Epstein thought it was funny."  Doc. 1 ¶ 73(o).

- "Teacher 16 reported Vandel to the administration, after having conversations with several young females who expressed their concerns about sexualized interactions . . . Epstein would not respond and formally address the complaint."  Doc. 1 ¶ 74(a)-(b).

- "On or about December 2, 2019, Beiner and Epstein met with Teacher 21 and Student 12, without the knowledge or consent of Student 12's parents, to discuss Vandel's sexual harassment of Student 12."  Doc. 1 ¶ 83.

- "In an attempt to support Student 12 and compel Beiner and Epstein to believe that Vandel was a problem, Teacher 21 shared her own story of being sexually harassed by Vandel.  She told Beiner and Epstein that when she was bending over the copier to fix it, Vandel told her 'if she kept

bending over like that he was going to have to do something about it'." Doc. 1 ¶ 84.

- "Teacher 21 felt that Beiner and Epstein intended to sweep the allegations against Vandel under the rug." Doc. 1 ¶ 87.

- "After finding out about Vandel's harassment of Student 12, and learning of, Beiner and Epstein's interview of Student 12, Student 12's parents withdrew her from FAST." Doc. 1 ¶ 89.

These allegations are just the beginning. *See also* Doc. 1 ¶¶ 35, 37, 53, 93, 95, 96, 97, 153-163, 165, 168-178, 185, 273, 286.

Respectfully, it is not "impossible" for Epstein to know what the allegations against him are. To the contrary, Epstein has incredibly detailed notice of those allegations. Indeed, they should be familiar to Epstein, as they are the same allegations Epstein heard and ignored before Jane Doe II was raped. Unlike the complaints in the cases cited by Epstein in support, Plaintiffs' Complaint contains a detailed section regarding Epstein's wrongful conduct and which specifically denotes when those acts apply to Epstein. *See* Doc. 1 ¶¶ 33, 73(o), 74(a)-(b), 83, 84, 87, 89. The Counts against Epstein are clear as to what Epstein has done. *See* Doc. 1 Counts III-IV. In stark contrast, the complaints in the cases cited by Epstein in support, *see* Doc. 11 at 7, are "quintessential" shotgun pleadings." *See Swanson v.*

*Cobb Cnty. Dep't of Fam. & Child. Servs.*, No. 1:21-CV-04978-JPB, 2023 WL 2169044, at *3 (N.D. Ga. Feb. 21, 2023) (in which the First Amended Complaint set forth facts "lacking a clear connection to any particular cause of action," failed to state "specific examples," and failed to specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"); *Rivera-Lopez v. Lockheed Martin Corp.*, No. CV419-211, 2022 WL 1215650, at *3-4 (S.D. Ga. Apr. 25, 2022) (in which "each count of the amended complaint incorporates by reference the allegations of all preceding counts" and the "causes of action include blanket allegations that Defendants' collective conduct caused the Helicopter to crash without explaining which factual allegations support each claim against each of the Defendants"). That is not the case here.

Accepting the allegations of fact as true, as the law states the Court must, and construing the complaint with all reasonable inferences in the light most favorable to Plaintiffs, as the law states the Court must, *see Bryant*, 187 F.3d at 1273 n.1, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). With respect, Epstein is perfectly aware of his shameful actions and inactions as set out in the complaint, which led to this young

girl's rape.  The complaint set forth the particular factual allegations as to Epstein's wrongdoing that underlie Plaintiffs' claims of negligent supervision, retention, undertaking against him, e.g., that Epstein "thought it was funny" that Vandel mocked and mistreated an overweight female student and did not rebuke him like other teachers (Doc. 1 ¶ 73(o)), that Epstein refused to respond and "formally address the complaint" that Vandel had "sexualized interactions" with several young female students (Doc. 1 ¶ 74(a)-(b)), and that Epstein took actions without parental consent in an effort to sweep the allegations of Vandel's sexual harassment of Student 12 "under the rug" (Doc. 1 ¶¶ 83, 84, 87).

Because the factual allegations underlying Plaintiffs' claims for negligent supervision, retention, undertaking against Epstein are clear and express, Plaintiffs have more than sufficiently given Epstein "fair notice" of the claims against him. *Quality Auto Painting Ctr. of Roselle*, 917 F.3d at 1275-76.  And because Plaintiffs have pleaded factual content necessary for this Court to draw the reasonable inference that Epstein is liable for the misconduct alleged, the Complaint is sufficiently plausible on its face to withstand Epstein's 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678.  Accordingly, the Complaint satisfies the "low pleading

burden" imposed by Rule 8 and should not be dismissed[1].  *In re Se. Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995).  *See also Woods v. S. Co.*, 396 F. Supp. 2d 1351, 1359-60 (N.D. Ga. 2005) (holding a plaintiff "need only meet the low pleading threshold of Rule 8(a)").

## C.  Epstein is Not Entitled to the Protection of Official Immunity

Epstein argues that "Georgia's doctrine of official immunity bars all of the claims asserted by Plaintiffs against Mr. Epstein" because the "official immunity doctrine applies to administrators of Georgia schools, including charter schools." Doc. 11 at 11.  But this is wrong and a misstatement of the law.  As Epstein himself noted, "[t]he doctrine of official immunity, also known as qualified immunity, offers **public officers and employees** limited protection from suit in their personal capacity." *Cameron v. Lang*, 549 S.E.2d 341, 344 (Ga. 2001).  Epstein is not such a public officer or employee because his employer Defendant Founding Fourteen, Inc. ("FFI") is not a public entity.

As the Motion notes, Defendant Fulton Academy of Science and Technology ("FAST") is a "local charter school."  Doc. 11 at 12 fn.3; Doc. 1 ¶ 13.  And as the

---

[1] While Plaintiffs assert that this is not a close call, and the complaint is not subject to dismissal, should the Court conclude that additional detail is needed, Plaintiffs respectfully reserve the right to move to amend.  *Robinson v. Alterra Home Loans*, No. 1:18-CV-05811-JPB, 2019 WL 5491285, at *1 (N.D. Ga. July 29, 2019).

Complaint sets forth, FFI is the nonprofit corporation that was formed for the purpose of creating and operating FAST, i.e., the "charter petitioner," and that continues to operate FAST.  Doc. 1 ¶ 15.  "Charter schools and charter systems are governed by the Charter Schools Act of 1998."  *Day v. Floyd County Bd. of Educ.*, 333 Ga. App. 144, 147(1), 775 S.E.2d 622 (2015).  The 1998 Act authorizes the creation of a "local charter school," which is a school that "operate[s] under the terms of a charter between the charter petitioner, the local board, and the state board."  O.C.G.A. § 20-2-2062(7).  A "charter petitioner" means "a local school, local board of education, private individual, private organization, or state or local public entity that submits or initiates a petition for a charter."   O.C.G.A. § 20-2-2062(2).  Significantly, when determining whether to approve a charter petition, the local board and state board "shall ensure" that a charter school is, among other criteria, "[o]rganized and operated as a nonprofit corporation under the laws of this state", but this stipulation "shall not apply to any charter petitioner that is a local school, local school system, or state or local **public entity**."  O.C.G.A. § 20-2-2065(b)(4) (emphasis added).

Accepting the allegations of fact as true, and construing the Complaint with all reasonable inferences in the light most favorable to Plaintiffs, *see Bryant*, 187 F.3d at 1273 n.1, FFI, as a "private organization" that served as the charter petitioner

11

for FAST and continues to operate FAST, is not such a "local school, local school system, or state or local public entity" to which O.C.G.A. § 20-2-2065(b)(4) would not apply.  Thus, FAST was organized and operated as a nonprofit corporation and continues to operate as a nonprofit corporation.  Doc. 1 ¶ 15; O.C.G.A. § 20-2-2065(b)(4).  Because FFI is a private organization and is not a state or local public entity, Epstein is not entitled to the protection of the doctrine of official immunity.

The sole case relied upon by Epstein that references any type of charter school is inapplicable here for two separate reasons.  Doc. 11 at 11-12.  First, Epstein cites to *Campbell v. Cirrus Education, Inc.*, 355 Ga. App. 637, 642-43, 845 S.E.2d 384 (2020) for the proposition that "plaintiff's claims against [a] state charter school [are] barred by sovereign immunity."  Doc. 11 at 11-12.  However, "the doctrines of sovereign immunity and official immunity are examined under entirely different analytical frameworks[.]"  *Tattnall Cnty. v. Armstrong*, 333 Ga. App. 46, 50, 775 S.E.2d 573, 576 (2015), *overruled on other grounds by Rivera v. Washington*, 298 Ga. 770, 784 S.E.2d 775 (2016).  That is because "suits against public employees in their personal capacities involve official immunity" and "suits against public employees in their official capacities . . . involve sovereign immunity."  *Gilbert v. Richardson*, 264 Ga. 744, 750, 452 S.E.2d 476 (1994).  Epstein's conflation of the

doctrines of sovereign immunity and official immunity renders the holding of *Campbell* irrelevant and thus inapplicable here.

Second, the charter school at issue in *Campbell* is a state charter school, which is governed by different provisions than FAST, which is a local charter school.  *See Campbell*, 355 Ga. App. at 642; Doc. 11 at 12 fn.3; Doc. 1 ¶ 13.  Indeed, the *Campbell* court held it dispositive that the provisions of Article 31a of Title 20, i.e., O.C.G.A. §§ 20-2-2080 *et seq*., rendered the state charter school at issue "an instrumentality of the state for sovereign immunity purposes."  355 Ga. App. at 642 (citing to O.C.G.A. §§ 20-2-2080(a)(1), 20-2-2081(5), 20-2-2083(a)(1)-(c)(2), and 20-2-2089(e)).  It was only in considering these provisions applicable *only* to state charter schools, and not local charter schools, that the *Campbell* court held "the purpose, function, and management of [the state charter school] are indelibly intertwined with the State in a manner that qualifies it for the protection of sovereign immunity as a State instrumentality."  *Id.* (internal citation omitted).  That is not the case here.

## CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that this Court **DENY** Defendant Epstein's motion to dismiss in its entirety.

Respectfully submitted this 14th of June, 2023.

**BAYUK PRATT, LLC**

*/s/ Bradley W. Pratt*
Frank T. Bayuk
Georgia Bar No. 142596
Bradley W. Pratt
Georgia Bar No. 586672
Christopher D. M. Lambden
Georgia Bar No. 334003
*Attorneys for Plaintiffs*

4401 Northside Parkway, Suite 390
Atlanta, GA 30327
T: 404.500.2669
bradley@bayukpratt.com
frank@bayukpratt.com
christopher@bayukpratt.com

## CERTIFICATION

Pursuant to LR 7.1D NDGa., I certify that this document has been prepared

in Times New Roman Font, 14 point, as approved by the Court in LR 5.1C NDGa.

*/s/ Bradley W. Pratt*
Bradley W. Pratt
Georgia Bar No. 586672

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANE DOE I AND JOHN DOE,** | ) | |
| **Individually and as Next Friends** | ) | |
| **of JANE DOE II, a Minor,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | **1:23-CV-00799-JPB** |
| | ) | |
| **FULTON COUNTY SCHOOLS,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day, served all counsel of record with the foregoing **Plaintiffs' Response in Opposition to Defendant Peter Epstein's Motion to Dismiss** by electronically filing the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notification of such filing to the below-named attorneys of record:

>Matthew S. Coles
>Thomas M. Barton
>Aaron P.M. Tady
>Coles Barton LLP
>150 South Perry Street, Suite 100
>Lawrenceville, Georgia 30046
>*Attorneys for Defendant Peter Epstein*

This 14th of June, 2023.

*/s/ Bradley W. Pratt*
Bradley W. Pratt
Georgia Bar No. 586672
*Attorneys for Plaintiffs*

**BAYUK PRATT, LLC**
4401 Northside Parkway, Suite 390
Atlanta, GA 30327
T: 404.500.2669
bradley@bayukpratt.com