UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE I, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FULTON COUNTY SCHOOLS, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:23-CV-00799-JPB |

# ORDER

This matter comes before the Court on eight Motions to Dismiss Jane Doe I, John Doe and Jane Doe II's (collectively, "Plaintiffs") Complaint. Defendants Epstein, Beiner, Higgins, Akpan, Erickson, Stinger, Founding Fourteen, Inc. ("FFI") d/b/a Fulton Academy of Science and Technology ("FAST")[1] and Mahoney filed separate Motions to Dismiss Plaintiffs' Claims. [Docs. 11, 12, 13, 14, 15, 16, 17 and 18].[2] The Court finds as follows:

## BACKGROUND

Jane Doe I and John Doe bring this action individually and as Next Friends of Jane Doe II, a minor. [Doc. 1]. Plaintiffs name fourteen defendants in this

---

[1] Although the Complaint names FFI and FAST as separate defendants, FFI responded as "Founding Fourteen, Inc. d/b/a Fulton Academy of Science and Technology." See [Doc. 1]; [Doc. 17].

[2] The Court refers to the defendants named in this action collectively as "Defendants" and the movants collectively as "Moving Defendants."

action.  Id.  More specifically, Plaintiffs name several entities as defendants including Fulton County Schools ("FCS"), FFI and FAST.  Id.  Plaintiffs also bring claims against several individuals including FAST administrators, FAST board members and FCS superintendents.  Id.

This case stems from a sexual assault committed by Robert Allen Vandel ("Vandel") while he was employed as a teacher at FAST.[3]  Id. at 2–3.  Plaintiffs allege that Vandel was hired by Defendants at FAST charter school as a teacher "despite a documented record of sexually harassing and assaulting minor female students in his care."  Id. at 2, 18–25.  According to Plaintiffs, Defendants knew or should have known of Vandel's history of misconduct at the time that he was hired at FAST.  Id. at 24–25.  Following Vandel's hiring, Plaintiffs allege that Defendants failed to investigate reports of misconduct and contributed to an environment in which Vandel's misconduct was able to continue at FAST, which culminated in the sexual assault of Jane Doe II during the second semester of the 2019–2020 school year.  Id. at 3, 25–45.

In their Complaint, Plaintiffs bring claims against Defendants for negligent hiring; negligent supervision, retention and undertaking; violation of substantive due process; violation of equal protection; and deliberate indifference under Title

---

[3] According to the Complaint, Vandel was criminally charged and pleaded guilty to the sexual assault, rape and imprisonment of Jane Doe II.  [Doc. 1, p. 45].

2

IX.  See id.  Plaintiffs also seek injunctive relief, a declaratory judgment, compensatory damages and attorneys' fees.  Id. at 97–99.

## PROCEDURAL HISTORY

Plaintiffs filed this action on February 22, 2023.  [Doc. 1].  On May 1, 2023, Defendants FCS, Looney, Loe, Rose and Gatewood filed an Answer to Plaintiff's Complaint.  [Doc. 10].  On the same day, Moving Defendants filed separate Motions to Dismiss Plaintiffs' Complaint.  [Docs. 11, 12, 13, 14, 15, 16, 17 and 18].  In the Motions to Dismiss, Moving Defendants put forth several arguments for dismissing Plaintiffs' claims including failure to state a claim, official immunity and qualified immunity.  The Motions are now ripe for review.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

At the outset, the Court finds that Plaintiffs' Complaint is a shotgun pleading that fails to comply with Rule 8.  As such, the Court will not address the merits of Moving Defendants' Motions to Dismiss at this time.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun] complaint.  We could perhaps decide whether some of [the] claims were subject to dismissal under Rule 12(b)(6) . . . .  Piecemeal adjudication of that kind, however, does not promote judicial efficiency.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's

respect for the courts."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.  Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard.  The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018).  In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice."  Id. at 1357.

> Typically, shotgun pleadings are characterized by any one of the following:
>
> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) [combining] multiple claims against multiple defendants without specifying which defendant is responsible for which act.

McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).  These categories "do not have precise and clearly marked boundaries."  Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).  Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which

5

each claim rests."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The Court finds that Plaintiffs' Complaint demonstrates at least three of the above characteristics and is a "quintessential 'shotgun' pleading[] of the kind [the Eleventh Circuit has] condemned repeatedly."  Magluta, 256 F.3d at 1284.  For instance, for each of the counts, the Complaint repeatedly "reincorporates and realleges" all facts from the preceding paragraphs, without identifying the specific facts constituting each claim.  See, e.g., [Doc. 1, pp. 49, 51, 60].

In addition, the Complaint sets forth vague and conclusory allegations.  By way of example, the Complaint vaguely alleges that Defendants FFI, Higgins and Erickson "knew or should have known that Vandel was not suited for employment as a teacher . . . ."  Id. at pp. 50–51.  However, Plaintiffs fail to provide specific facts demonstrating that each of these Defendants "knew or should have known" of Vandel's history of misconduct.  In addition, Plaintiffs claim that Defendants FFI, Higgins, Mahony, Stinger, Beiner, Epstein, Akpan and Erickson "owed a duty of care to the students of FAST . . . ."  Id. at 54.  However, Plaintiffs do not specify from where this duty arises with respect to each Defendant.

Most problematic to the Court is that the Complaint brings multiple claims against multiple Defendants without specifying the conduct that each defendant is responsible for.  Although the Complaint specifies against which Defendant each

6

claim is brought, the allegations do not adequately identify the actions each defendant is alleged to have taken, or failed to have taken, to constitute each claim. For example, the Complaint alleges "Defendants FFI, Higgins, Mahoney, Stinger, Beiner, Epstein, Akpan, and Erickson breached their duty by failing to properly supervise Vandel, allowing him to violate multiple FAST policies and procedures including, but not limited to: giving candy to students, closing his door, and lowering the blinds in his classroom . . . ." Id. at 55. These allegations are not enough to indicate which specific actions are attributable to each Defendant. Ultimately, Plaintiffs' Complaint is deficient because it does not allow Defendants to identify what exactly they are alleged to have done wrong and does not provide "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a motion under Rule 12(b). Otherwise, the plaintiff must seek leave of court to amend. See Fed. R. Civ. P. 15(a)(2). Although Plaintiffs have not sought leave of court to amend their Complaint, before dismissing this case with prejudice the Court will grant Plaintiffs an opportunity to amend.

At a minimum, Plaintiffs' amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiffs must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiffs must provide the relevant facts applicable to that particular cause of action that they believe entitle them to relief. In other words, rather than incorporating every fact into each cause of action, Plaintiffs should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which Defendants' alleged conduct is related to each cause of action.

3) Plaintiffs must explicitly request the relief they seek and must provide an explanation of why they are entitled to such relief.

4) Plaintiffs are permitted to assert a single count against multiple defendants; however, Plaintiffs must identify what precise conduct is attributable to each individual defendant separately in each count and in what capacity each claim is being brought against each defendant.

Plaintiffs are notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiffs must ensure that their amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the foregoing reasons, Moving Defendants' Motions to Dismiss [Docs. 11, 12, 13, 14, 15, 16, 17 and 18] are **DENIED** without prejudice to refile in the event that Plaintiffs file an amended complaint. Plaintiffs' Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs may amend their Complaint to adequately plead a specific claim or claims within twenty-one days of the date of this Order. Plaintiffs are notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

**SO ORDERED** this 7th day of February, 2024.

J. P. BOULEE
United States District Judge