IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE I, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File |
| v. | ) | |
| | ) | No. 1:23-cv-00799-JPB |
| FULTON COUNTY SCHOOLS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT "FULTON ACADEMY OF SCIENCE
AND TECHNOLOGY'S" REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW "Fulton Academy of Science and Technology" ("FAST"),
named as a defendant herein, and submits this reply brief in further support of its
motion to dismiss Plaintiffs' Amended Complaint.

**Argument and Citation of Authorities**

**A.     Plaintiffs have violated the Court's order and applicable pleading
standards.**

In its order on the initial motions to dismiss, the Court instructed Plaintiffs to
satisfy four distinct, but related, minimal requirements in their amended complaint.
(Order, Doc. No. 50, p. 8).  Remarkably, Plaintiffs failed to comply with any of them,
managing in the process to exacerbate the defects in their initial pleading.

First, although Plaintiffs include as instructed a general background section, the individual Counts that follow fail to refer back to any of those general paragraphs. (*Id*.).  Accordingly, as explained in FAST's initial brief, each of the substantive Counts must stand on its own because neither the Court nor FAST is required to scour the pleading to determine what facts might support individual claims. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996).  Plaintiffs acknowledge that instruction and insist that they included sufficient facts in each Count to support the claim asserted. (Resp., pp. 8-9).  This fallacy leads to Plaintiffs' violation of the Court's second instruction.

Plaintiffs failed to follow the Court's instruction to allege facts within each Count to support each element of their claims against each Defendant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).  Rather, they just copied and pasted the same generic allegations against each Defendant, without identifying which specific facts support their claims against FAST.[1]   And neither the pleading nor Plaintiffs' Response ties those vague allegations to the specific elements of any of their claims against FAST.

---

[1] The Amended Complaint also continues to define "Defendants" so broadly that it even includes non-parties. (*See* Am. Compl., ¶ 5).

Plaintiffs similarly violated the Court's third instruction by failing separately to identify the relief each of them seeks and why each of them is entitled to that relief.  In their Response, Plaintiffs point to two subparagraphs in the *ad damnum* clause, but those paragraphs only concern some of Plaintiffs' claims, and no effort is made to explain why each Plaintiff is entitled to that relief. (*See* Am. Compl., "Prayer for Relief," ¶¶ (c)(i), (c)(ii), (c)(iii)).  Similarly, no effort is made to explain how Jane and John Doe have standing to assert direct claims for violations of their daughter's constitutional rights.  These failures also warrant dismissal. *See Rivera-Lopez v. Lockheed Martin Corp.*, 2022 WL 1215650, at *4 (S.D. Ga. April 25, 2022) (dismissing complaint where the damages alleged were "clearly not applicable" to each plaintiff).

Finally, Plaintiffs violated the Court's fourth instruction by refusing to identify *within each Count* the "precise conduct" that is allegedly attributable to FAST. Plaintiffs insist in their Response that they alleged multiple reports to FAST of Vandel's misconduct.  But the paragraphs they cite in support of that assertion appear only in the background section. (*E.g.*, Resp., pp. 2-3 [citing Am. Compl., ¶¶ 56-112]).

These failures are symptomatic of the defects in the Amended Complaint.  At bottom, the pleading fails to comply with Rule 8 because it fails to notify FAST of what it purportedly did wrong, and it must be dismissed.

-3-

**B.      The Court should not accept Plaintiff's implausible assertion that "FAST" is an entity that is subject to suit.**

In its initial motion to dismiss, Defendant Founding Fourteen, Inc. ("FFI") explained that "Fulton Academy of Science and Technology" is nothing more than the name of the school that it runs under its charter agreement with FCS and the State, and that Plaintiffs' treatment of FFI and FAST as distinct legal entities is facially flawed. (*See* Doc. No. 17, pp. 1-2).  Instead of correcting that defect in their Amended Complaint, Plaintiffs continue to insist that FFI and FAST are separate entities. (*See, e.g.*, Am. Compl., ¶¶ 14, 16).  Indeed, Plaintiffs assert in their amended pleading different and distinct claims against FFI and FAST (with only two being asserted against FFI and eight being asserted against FAST).  As a result, FAST raised (again) as one of the grounds upon which it seeks dismissal of the Amended Complaint the fact that it is not a distinct legal entity that is capable of being sued.

In their Response, Plaintiffs double down on their erroneous assertion that FAST and FFI are separate entities, claiming that the Court is required at the pleading stage blindly to accept that assertion, regardless of its facial implausibility, simply because they included it in the Amended Complaint.  This contention does not comport with applicable pleading standards.

The U.S. Supreme Court has made clear that a plaintiff's factual allegations must plausibly support the claims asserted.  When they do not, the Court is not required to accept them as true or otherwise construe them in the plaintiff's favor at

the pleading stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). In fact, claims based upon *implausible* allegations should be dismissed. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1342-43 (11th Cir. 2010) (dismissing a conspiracy claim that did not allege plausible facts in support of the claim). Additionally, the Court should not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. As explained below, not only is Plaintiffs' assertion that FAST and FFI are distinct entities implausible, but it is also a facially inaccurate legal conclusion. Thus, the assertion is entitled to no deference and the claims against FAST should be dismissed.

The capacity to be sued is decided by the law of the state where the Court is located. *See* Fed. R. Civ. P. 17(b)(3). Under Georgia law, "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state [Georgia] recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Seibert v. Alexander*, 351 Ga. App. 446, 448–49, 829 S.E.2d 473, 477 (2019). "This is for the reason that there must be someone upon whom the judgment of the court will be effective." *Orange Cnty. Tr. Co. v. Takowsky's Est.*, 119 Ga. App. 366, 367, 166 S.E.2d 913, 915 (1969).

"FAST" is not a legal entity that is capable of being sued.  It is merely the name of a public school operated by FFI.  Georgia's Charter Schools Act provides that "a charter school . . . shall be . . . organized and operated as a nonprofit corporation under the laws of this state."  O.C.G.A. § 20-2-2065(b)(4).  Accordingly, when FFI entered into the three-party charter agreement with FCS and the Georgia State Board of Education, *see* Ga. R. & Reg. § 160-4-9.04(b), no fourth entity was created.  Rather, *FFI* was authorized by Georgia law and the charter agreement to operate, and since 2016 has operated, a public charter school that is denominated as "FAST."  Plaintiffs' insistence to the contrary does not alter this unassailable legal fact.  Notably, Plaintiffs fail to cite a single case or statute to support their untenable position.

This is a legal issue that the Court can and should decide at this stage of the case.  No further evidence need be developed during discovery.  Georgia law is clear that FAST is not a legal entity capable of being sued.  What Plaintiffs have pleaded in their Amended Complaint is not legally plausible.  As a result, the claims against the name on the school building, FAST, are simply a nullity, and the Court should dismiss all claims asserted against it.  *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90, 107 S.E.2d 860, 862 (1959) ("[W]here the suit is brought in the

name of or against a party which is neither a natural or artificial person or a quasi-artificial person, such as a partnership, it is a nullity.").[2]

As described below, pretermitting the fact that the claims against FAST are a nullity, they fail on the merits to state any plausible claims for relief.

## C.    FAST is entitled to sovereign immunity.

FAST incorporates by reference the arguments made in FFI's reply brief, filed contemporaneously herewith, which explains why Georgia's doctrine of sovereign immunity bars all of Plaintiffs' state law claims.

## D.    Plaintiffs have failed to state a plausible Section 1983 claim against FAST.

Plaintiffs fail to allege in the Amended Complaint facts plausibly showing that FAST's actions denied protected rights under the Due Process Clause or the Equal Protection Clause. Nor do they properly allege that Jane Doe II's claimed

---

[2] The Court should reject Plaintiffs' throwaway request in their Response (but not made in the form of a proper motion) that they be allowed to amend their complaint yet again should the Court rule against them on this issue. Plaintiffs' assertion of claims against FAST is not an oversight. Even after FFI explained to Plaintiffs that FAST was not a separate legal entity, Plaintiffs intentionally named FFI and FAST as separate entities and pursued a small sub-set of claims against FFI, which FFI has addressed in its own motion. The Court already offered Plaintiffs leave to amend their complaint despite the fact that Plaintiffs had not followed the proper procedure by filing a motion seeking such leave. There is no need to provide Plaintiffs with yet another bite at the pleading apple. They have, for their own strategic reasons, pursued this untenable path. The Court should rule upon the pleadings as they currently stand, especially since the Court has already provided Plaintiffs an opportunity to correct this and the many other defects in their claims, and Plaintiffs have declined (or are unable) to do so.

constitutional injuries[3] resulted from any formal policies or informal customs or practices *of FAST*.  Thus, their § 1983 claims must be dismissed.  *See Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

Plaintiffs do not dispute that FAST cannot be held liable under § 1983 for the acts of school officials on a *respondeat superior* or vicarious liability basis. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003).  *See also Knight v. Miami-Dade Cnty.*, 856 F.3d 795, 819 (11th Cir. 2017) (citing *Monell v. Department of Soc. Svcs. of City of New York*, 436 U.S. 658 (1978)).  Nor do they dispute that municipal liability is limited to actions "for which the municipality is actually responsible." *Doe v. School Bd. of Broward Cnty.*, 604 F.3d 1248, 1263 (11th Cir. 2010) (quotations omitted).

It is well-settled that municipalities can only be liable under § 1983 where the allegedly unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers." *Monell*, 436 U.S. at 690.  A plaintiff must show that the municipal actor committed the constitutional violation ***pursuant to*** an officially promulgated municipal policy or pursuant to an unofficial practice or custom shown through

---

[3] Plaintiffs fail to even address the fact that John and Jane Doe cannot assert their own claims for a violation of *their daughter's* constitutional rights. *Rivera-Lopez*, 2022 WL 1215650, at *4.  Those claims must be dismissed for that reason alone.

repeated acts of a final municipal policymaker. *Grech*, <u>335 F.3d at 1329</u>.[4] The requirement of a policy or custom "is intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action *for which the municipality is actually responsible*." *Id.* at 1329 n. 5 (emphasis in original and quotations omitted). The municipality must itself be "at fault in some sense for establishing and maintaining the policy which causes the injurious result." *Id.* (cleaned up).

Plaintiffs must also show that a FAST policy or custom led Vandel "to believe that sexual abuse of students was permitted." *School Bd. of Broward Cnty.*, <u>604 F.3d at 1267</u> (quoting *Hartley v. Parnell*, <u>193 F.3d 1263, 1269</u>). Finally, Plaintiffs must prove the requisite degree of culpability by showing that FAST itself acted with "deliberate indifference to its known or obvious consequences." *Id.* at 1263 (internal quotations omitted).

### a. Counts V and VI fail to state a claim based upon an alleged violation of Jane Doe II's substantive due process rights.

As an initial matter, Plaintiffs' attempt to articulate the basis for the underlying violation by FAST of the substantive component of the Due Process Clause demonstrates the weakness of the claim. Plaintiffs acknowledge that the Due

---

[4] A custom "is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." *Christmas v. Harris Cnty.*, <u>51 F.4th 1348, 1356</u> (11th Cir. 2022) (cleaned up).

Process Clause protects individuals from arbitrary exercises of government power, and that only the most egregious conduct can be said to be "arbitrary" in the constitutional sense. *T.W. v. School Bd. of Seminole Cnty*, 610 F.3d 588, 598 (11th Cir. 2010). To be "arbitrary" in the constitutional sense, the abuse of power must truly shock the conscience. *Id*. Absent allegations that a government "acted willfully or maliciously with an intent to injure," a plaintiff does not plausibly plead conscience shocking behavior. *See Davis v. Carter*, 555 F.3d 979, 984 (11th Cir. 2009); *625 Fusion, LLC v. City of Fort Lauderdale*, 526 F. Supp. 3d 1253, 1271 (S.D. Fla. 2021). Indeed, even deliberate indifference, without more, does not establish a substantive due process violation. *See Hill v. Cundiff*, 797 F.3d 948, 980 (11th Cir. 2015).

Citing paragraph 240 of the Amended Complaint, Plaintiffs insist that "FAST knew of reports from 29 different individuals of Vandel's sexual misconduct." But that assertion is simply to re-write the Amended Complaint. In reality, the cited paragraph states that "final policy makers had actual knowledge of prior complaints." *Id*. The allegation fails to identify any of those policy makers, whether they were even affiliated with FAST, what they knew and how they allegedly knew it, or what reports they received and when. That conclusory allegation is plainly

insufficient.[5]  For example, when knowledge of a particular fact or event is a necessary element of the claim under review, a plaintiff must do more than merely speculate, without supporting facts, that the defendant had the required knowledge. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (vague assertion that the attorney general and the FBI director "knew of, condoned, and willfully and maliciously agreed to subject [Iqbal] to harsh conditions of confinement as a matter of policy," deemed nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim which "disentitle[d] them to the presumption of truth" at the motion to dismiss stage); *accord Roy v. Ivy*, 53 F.4th 1338, 1352 (11th Cir. 2022) (speculative assertion that defendant had knowledge merely because of information in records in defendant's possession not entitled to consideration on motion to dismiss); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935-36 (11th Cir. 2022) (mere assertion that dangerous condition existed long enough for defendant to have constructive notice of it held insufficient); *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095-96 (11th Cir. 2022) (allegation that multiple unnamed employees had witnessed multiple unspecified prior falls on subject staircase deemed insufficient to establish that defendant knew about the defect).

---

[5] Plaintiffs also refer to several allegations in the factual background section of the Amended Complaint, but those allegations are not part of Count V.

Here, the conduct of FAST alleged in Counts V and VI does not plausibly allege intent to cause harm or willfulness and fails to meet the requisite conscience-shocking standard for a due process violation.[6]   Without the underlying constitutional infraction, these counts plainly fail.  But they suffer from other flaws.

Count V is comprised solely of Paragraphs 224-60 of the Amended Complaint.  Plaintiffs vaguely allege, with no factual underpinning, that FAST had various policies regarding hiring and retention that allegedly were not followed by school officials in connection with the employment of Vandel.  But no detail is provided regarding the circumstances of that purported deviation. (*Id*., ¶¶ 241, 243-51). Because Plaintiffs offer no facts to support these assertions, they are, at best, nothing more than "legal conclusions masquerading as facts . . . ." *Roy*, 53 F.4th at 1351 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).   Under the two-step inquiry articulated by the Eleventh Circuit, these assertions must all be eliminated from consideration and the plausibility of the claim evaluated without them.  *Hagan v. Comm'r, Ga. Dep't Corr.*, No. 22-12180, 2023 WL 5621895, at *3 (11th Cir. Aug. 31, 2023).

_____

[6]Plaintiffs conveniently fail to acknowledge that in *Doe*, cited by Plaintiffs for other (easily distinguishable) reasons as described below, Judge Jones held all substantive due process claims asserted in a similar (but far more clear and concisely pleaded) complaint failed as a matter of law for precisely this reason. *See Doe*, slip op. at pp. 34-36, 48-49.

In any event, Count V at best simply alleges that FAST had proper policies in place that school officials allegedly failed to follow in the case of Vandel.  (*Compare* Am. Compl., ¶ 353 to *id.*, ¶¶ 356-61).  But a municipality "is liable only when the [municipality's] 'official policy' causes a constitutional violation." *Id.* (citing *Monell*, 436 U.S. at 694).  The mere fact that FAST officials may have deviated from proper policies does not create liability for the school.

Plaintiffs' attempt to convert the mere alleged failure of school employees into an official custom clearly fails.  To establish a custom, a plaintiff must show a "persistent and widespread practice" of constitutional violations.  *Hackett v. Fulton Cnty. Sch. Dist.*, 238 F. Supp. 2d 1330, 1363-64 (N.D. Ga. 2002).  The pattern must be connected by a "common thread" running through the prior constitutional violations. *Perez v. Cobb Co.*, No. 1:16-cv-0902-SCJ, 2017 WL 3452998, at * 4 (N.D. Ga. Feb. 17, 2017) (citations omitted).  Simply identifying random acts or isolated incidents is insufficient. *See Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986).  The past violations instead "must be obvious, flagrant, and of continued duration." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  Moreover, conclusory assertions of a custom will not ward off dismissal. *See Viera v. City of Lake Worth,* 853 F. App'x 356, 359 (11th Cir. 2021); *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, 835 F. App'x 418, 422 (11th Cir. 2020); *Thorn v. City of Montgomery*, No. 2:17-cv-74-KS-CSC, 2017 WL 1822571, at *2 (M.D. Ala. May 5,

2017).  Here, Plaintiffs offer nothing more than bald conclusions.  Moreover, an alleged deviation from proper policies, even if properly pleaded, would not create an unofficial custom if limited to Vandel, as such an allegation would lack a widespread pattern connected by a common theme. *See Perez*, 2017 WL 3452998 at * 4.

Finally, Plaintiffs attempt in their Response to re-cast Count V to assert a "final policy maker" theory of liability and a "failure to train" theory of liability.  But that is not how the Count itself is pleaded. (*See* Am Compl., p. 107; Doc 70-1). Plaintiffs are not permitted to amend their pleading in a response brief. *See Huls v. Liabona*, 437 F. App'x 830, 832 n.4 (11th Cir. 2011) ("Because [plaintiff] raised this argument for the first time in his response to [defendant's] motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed.R.Civ.P. 15(a), it was not properly raised below.").

In any event, the "final policy maker" theory requires the underlying unconstitutional action.  In essence it is simply a method to show the municipal actor approved or adopted that underlying action. *Williams v. Fulton Co. School Dist.*, 181 F. Supp. 3d 1089, 1124 (N.D. Ga. 2016).  As described above, it is the underlying action that is absent here.

Similarly, the only reference in Count V to "training" is to the fact that FAST had appropriate training policies (Par. 241) and then the raw conclusion that FAST

did not follow those policies (Par. 242).  Those bare assertions lack any factual underpinning whatsoever.  They are, at best, nothing more than "legal conclusions masquerading as facts . . . ." *Roy*, <u>53 F.4th at 1351</u> (quoting *Oxford Asset Mgmt.*, <u>297 F.3d at 1188</u>).  And they certainly do not allege any facts to show that there was at FAST a "need for more or different training [that was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."  *See Doe v. Gwinnett Co. Pub. Sch*., No. 1:18-CV-05278-SCJ, <u>2019 WL 12336248</u>, at * 11 (N.D. Ga. Aug 22, 2019) (allowing failure to train claim to survive motion to dismiss but only based upon very detailed allegations regarding the need for, and absence of, training in the complaint).

Count VI is confined to Paragraphs 261-316 of the Amended Complaint. Paring away the rank speculation about vague reports from unnamed teachers to unnamed recipients at unknown times, this claim merely alleges that FAST officials received a single nebulous email from an unnamed teacher regarding "this man's behavior towards children and teachers . . . a long, long time ago," and the unnamed teacher's alleged concern that Vandel was creating situations to be alone with girls. (*Id*., ¶ 275).  Count VI also mentions a report to Principal Beiner regarding an interaction between Vandel and one student. (*Id*., ¶¶ 285-292). Pretermitting the shockingly inaccurate description of the report by the student and the subsequent e-

mail from her parents, the report concerned only a single, thinly described event. These reports, even as described, cannot clear the high bar of conscience shocking behavior required for liability. *See 625 Fusion,* 526 F. Supp. 3d. at 1271.[7]

> **b. Count VIII fails to state a claim for an alleged violation of Jane Doe II's equal protection rights.**

In an obvious base-stealing ploy to divert attention from their own pleading defects, Plaintiffs insist that Count VIII should survive simply because an equal-protection-based claim survived a recent motion to dismiss in *Doe*.[8]  This effort fails for several reasons.  First, Count VIII must stand or fall based upon the manner in which it (not another Count, and certainly not another pleading in another case) was pleaded.  Second, unlike this case, the Plaintiffs in *Doe* radically simplified their approach, dismissing most of the defendants and simplifying claims at the motion to dismiss stage.  Thus, they cured the shotgun nature of the initial pleading that Plaintiffs have impermissibly exacerbated here.  In the process, they asserted a far narrower and clearer claim than is asserted against FAST and numerous other defendants in Count VIII.  This, the survival of a very-differently pleaded claim in

---

[7] Like their improper attempt to amend Count V, Plaintiffs make a similarly defective attempt to amend Count VI in the Response to add as an apparent theory of liability something they describe as "failure to remove Vandel from FAST." *See* Response, p. 28.  This theory is not separately articulated in Count VI, and Plaintiffs fail to explain what it entails or how it can be distinguished from the failure to take corrective action, which is pleaded (albeit implausibly) in Count VI.

[8] Plaintiffs conveniently fail to mention that all of the state law claims and all of the substantive due process-based claims were dismissed by Judge Jones in *Doe*.

*Doe*, provides no grounds for the survival of a very different equal protection claim in a very different pleading here.

The reason why Plaintiffs seek to avoid focus on the actual allegations in Count VIII is clear: it plainly fails to state a claim. Count VIII purports to assert an alleged violation of Jane Doe II's equal protection rights. It is confined to Paragraphs 340-411 wherein Plaintiffs simply allege that FAST had certain policies that were not followed. (*Id.*, ¶¶ 353, 355). Plaintiffs then allege that FAST's refusal to follow its own policies was because it received alleged reports (which are not described) that concerned Vandel's sexual harassment of female students. (*Id.*, ¶ 362). All of these assertions are made in a wholly-conclusory manner without *any* factual underpinning, once again, rendering them mere "legal conclusions masquerading as facts . . . ." *Roy*, 53 F.4th at 1351 (internal quotations omitted). Plaintiffs' claim of an equal protection violation cannot withstand scrutiny once the conclusory assertions in Count VIII are removed.

Plaintiffs' Response does little more than simply quote paragraph 355 of the Amended Complaint, which itself merely states that FAST (which can only act though its employees and agents) failed to follow its own proper policies. But that construct not only fails to state a plausible *Monell* claim; it turns *Monell* completely on its head. A municipality "is liable only when [its] 'official policy' causes a constitutional violation." *Grech*, 335 F.3d at 1329 (citing *Monell*, 436 U.S. at 694).

Plaintiffs must identify *a FAST policy or custom* that caused harm. *Id*.   Here, Plaintiffs have done precisely the opposite, merely identifying a set of laudable policies that were allegedly ignored.   In the process, they improperly seek to impose liability on FAST for the alleged acts and omissions of school officials rather than "acts for which [FAST] is actually responsible." *Id*. (*quoting Marsh v. Butler Cnty*., 268 F.3d 1014, 1027 (11th Cir. 2001)).

Finally, Plaintiffs' effort in the Response to inject into Count VIII allegations in other sections of their 205-page pleading (*e.g.*, Response, p. 36, referring to paragraph 69) plainly fails.   It not only contravenes the Court's instructions in its Order, but County VIII does not even purport to reference any other sections of the Amended Complaint.   Rather, like the rest of the pleading, Count VIII contains "the relevant facts applicable to that particular cause of action. . . ." (Response, p. 9 [quoting Order, p. 8]).   Count VIII plainly fails to state a claim.

**E.   Each of Plaintiffs' Title IX claims fails to state a claim.**

Plaintiffs' response to FAST's motion to dismiss the Title IX claims against it reinforces the reason why those claims violate applicable pleading standards and the Court's February 7, 2024 Order.   The Court specifically instructed Plaintiffs to provide, separately in each count, "the relevant facts applicable to that particular cause of action." (Doc. No. 50, p. 8).   FAST argued in its initial brief that Plaintiffs violated that instruction and failed to plead specific facts to support each of their

Title IX counts.  In their Response, Plaintiffs insist that they did allege specific facts to support each element of those claim.  But to support that assertion they cite almost exclusively to factual allegations they made *outside* of (and that were not incorporated into) their Title IX counts.

For example, FAST moved to dismiss Count IX of the Amended Complaint (which is supported only by the thread-bare allegation that FAST knew Vandel had engaged in bad behavior at an unnamed prior school), on the ground that Plaintiffs did not allege upon which behavior by Vandel that claim is based or how or when any official at FAST allegedly became aware of it.  In response, Plaintiffs cite *only* allegations that appear outside of Count IX and that are not incorporated by reference into Count IX.  (*See* Resp., pp. 39-40 [citing Am. Compl., ¶¶ 26, 28, 30, 32, 58-64, when Count IX is contained in ¶¶ 412-432).

Plaintiffs offer a similarly flawed response to FAST's arguments regarding Count X.  FAST moved to dismiss Count X because (1) Plaintiffs failed to plead specifically what reports FAST received regarding Vandel's allegedly bad conduct at FAST, and (2) Plaintiffs failed to plead why Vandel's conduct at a prior school was relevant to this Count X, when it was already the basis of Count IX.  In response, Plaintiffs yet again cite to paragraphs that appear outside of Count X.  (*See* Resp., p. 41 [citing Amend. Comp., ¶¶ 55-61]).

Each of Plaintiffs' counts must be stand-alone causes of action, containing within themselves sufficient factual allegations that do more than assert the threadbare elements of a Title IX claim. *See Griffin v. Ellingson*, No. 2:13-CV-189-WCO-JCF, 2013 WL 12177999 (N.D. Ga. Dec. 31, 2013). Neither FAST nor the Court should be required to hunt through Plaintiffs' Amended Complaint, which spans over 200 pages and includes over 470 paragraphs, to locate factual allegations that could possibly support the Title IX claims. The fact that Plaintiffs are forced to resort to paragraphs outside of their Title IX counts to respond to FAST's motion demonstrates that they failed to comply with this Court's instructions and applicable pleading standards. *See Hagan v. Comm'r, Georgia Dep't of Corr.*, No. 22-12180, 2023 WL 5621895, at *3-4 (11th Cir. Aug. 31, 2023) (dismissing claims that were supported by nothing more than labels, conclusions, and formulaic recitations of the elements of the causes of action).

Additionally, in an attempt to defend the claim contained in Count XII, not only do Plaintiffs resort to citing allegations outside of that count, but (as they did with several of their § 1983 claims as described above) they also purport to change the nature of the claim they asserted. In the Amended Complaint, Count XII improperly asserts a claim that FAST was deliberately indifferent to Jane Doe II ***after*** Vandel's assault came to light, a chronological problem that Plaintiffs attempt to conceal in their Amended Complaint. In its motion to dismiss, FAST raised that flaw

in the timing of the alleged facts supporting Count XII.  In their Response, Plaintiffs concede that the e-mail upon which that Count is based was sent **after** Jane Doe II left the school.

Then, in an effort to save Count XII, Plaintiffs attempt to amend the Count in their Response brief by asserting for the first time that Count XII is actually a claim for retaliation against Jane Doe II.  But that assertion is not supported by *any* language in the Amended Complaint.  In fact, the words "retaliation," "retaliate," or any of their variants do not appear anywhere in the Amended Complaint, let alone in Count XII.  Thus, Plaintiffs have not even pleaded the bare *elements* of a retaliation claim, let alone factual allegations sufficient to support those elements. Plaintiffs cannot amend their complaint by making arguments in their Response Brief.  *See Huls*, 437 F. App'x at 832 n.4.  Accordingly, Count XII of the amended complaint must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, and for the reasons given in its initial brief, all claims asserted against "FAST" in the Amended Complaint must be dismissed.

[signature on following page]

-21-

Respectfully submitted, this the 20th day of May, 2024.

**COLES BARTON LLP**

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
mcoles@colesbarton.com
tbarton@colesbarton.com
atady@colesbarton.com

*/s/ Aaron P.M. Tady*_____
Matthew S. Coles
Georgia Bar Number 178020
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendant "FAST"*