IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA



RECEIVED MAY 29 2018 BY:

SCHOOL DISTRICT SERVICES, INC.,

PLAINTIFF,

V.

INTERNATIONAL COMMUNITY SCHOOL, INC.,

DEFENDANT.

CIVIL ACTION
FILE NO. 18A67964-4

## ORDER

This matter is before the Court on *Defendant's Motion to Dismiss or Alternatively Judgment on the Pleadings.* The Court has reviewed the law and evidence presented by the Parties in their briefs.

I.  **Facts and Procedural History**

As alleged, Plaintiff School District Services, Inc. ("SDS") is a nonprofit corporation that provides transportation services. *Complaint* ¶¶ 1, 4. Defendant International Community School, Inc. ("ICS") is a nonprofit corporation and a charter school in DeKalb County. *Complaint* ¶¶ 2, 6. On February 5, 2018, SDS filed its *Complaint* against ICS for breach of contract, defamation and defamation per se, punitive damages, and attorney's fees and expenses of litigation. These claims arise out of an Agreement for Transportation of Pupils (the "Agreement"), a copy of which was attached to the *Complaint*. ICS filed its answer; counterclaims for breach of contract, fraudulent inducement, negligence and negligence per se, and expenses of litigation; and the instant motion on March 13, 2018. Following a stipulated extension of time, SDS amended its complaint and filed its response to the motion on April 24, 2018.

## II. Defendant's Motion

ICS argues that the defamation and punitive damages claims fail because it is entitled to sovereign immunity, the alleged statements were based upon opinion, and SDS did not seek a retraction. It further argues that the Agreement is unenforceable as a matter of law because it does not contain a required termination provision.

*Tort Claims*

ICS argues that, as a DeKalb County Charter School, it is entitled to sovereign immunity unless SDS can establish a waiver. SDS argues that ICS has not established as a matter of law that it is entitled to sovereign immunity.[1]

Whether a nonprofit corporation operating a charter school in Georgia is entitled to sovereign immunity does not appear to have been considered by Georgia's appellate courts. However, the Georgia Supreme Court has applied sovereign immunity to entities that are instrumentalities of the State. *See, e.g. Kyle v. Ga. Lottery Corp.*, 290 Ga. 87 (2011) (corporation created to benefit state educational purposes); *Youngblood v. Gwinnett Rockdale Newton Cmty. Serv. Bd.*, 273 Ga. 715 (2001) (board created to govern publicly funded programs); *Miller v. Ga. Ports Auth.*, 266 Ga. 586 (1996) (administrative unit responsible for state docks). In addition, "[i]t is well established that, in the absence of some special circumstance, claims against a public school district... are barred by sovereign immunity." *Crisp County Sch. Dist. v. Pheil*, 231 Ga. App. 139, 140 (1998); *quoted in Chisholm v. Tippens*, 289 Ga. App. 757, 759 (2008). As a DeKalb County Charter School, ICS is "subject to the control and management of the local board of the local school system in which the charter school is located." O.C.G.A. § 20-2-2065 (b) (2). It is funded by local revenue, allocated "on the same basis as for any local school in the local

---

[1] Plaintiff has alleged that ICS is a DeKalb County charter school. The Court takes judicial notice of The Charter Schools Act of 1998 applicable to such schools. O.C.G.A. § 20-2-2060 *et seq.*

school system." O.C.G.A. § 20-2-2068.1. "Therefore, the purpose, function, and management of [ICS] are indelibly intertwined with [the public school district] in a manner that qualifies it for the protection of sovereign immunity as a State instrumentality." *Kyle*, 290 Ga. at 91. Accordingly, SDS's claims for defamation and punitive damages must be dismissed. However, sovereign immunity has been waived for contract actions. Ga. Const. Art. I, § II, Para. IX (c).

*Enforceability of the Agreement*

ICS further argues that SDS's breach of contract claim fails because the Agreement violates a Georgia statute regarding multi-year contracts involving public schools, citing O.C.G.A. § 20-2-506 (b) (1). Unless the school's charter provides otherwise, however, that statute does not apply to ICS. Pursuant to O.C.G.A. § 20-2-2065 (a), charter schools are not subject to most provisions of Title 20. Because the allegations within the four corners of the complaint do not disclose with certainty that SDS would not be entitled to relief under any state of provable facts,

### III. Court's Ruling

Accordingly,

IT IS HEREBY ORDERED that *Defendant's Motion to Dismiss or Alternatively Judgment on the Pleadings* is **GRANTED as to Plaintiff's tort claims only.**

[Signature on following page.]

SO ORDERED, this 23rd day of May, 2018.

_____
JOHNNY N. PANOS, JUDGE
STATE COURT OF DEKALB COUNTY

CC: Michael McGuffee, Esq.
Christopher E Adams, Esq.

FILED IN THIS OFFICE
THIS 23rd DAY OF May 20 18

_____
Clerk, State Court, DeKalb County